IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1353-O-BN |
| | § | |
| WILL ADAMS AND ALL OCCUPANTS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

## Background

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo" or "Plaintiff") brought a forcible detainer action against Defendants Will Adams and all occupants ("Defendants") involving real property located in Cedar Hill, Texas (the "Property") in Texas state court. *See* Dkt. No. 3, at 18 of 24. Plaintiff purchased the Property at a non-judicial foreclosure sale that was conducted as a result of the mortgagor's failure to make required monthly payments. *See* Dkt. No. 5-1, at ¶ 1. Plaintiff alleges that Defendants are the former owners of the Property, who remained after the foreclosure of the Property. *See id.* Plaintiff received a judgment for possession of the Property in Justice

of the Peace Court, and Defendants filed an appeal to the County Court at Law No. 2 in Dallas County. *See* id, ¶ 2. Before Plaintiff could obtain a final judgment, Defendant Adams filed a notice of removal on April 3, 2013, the morning of the scheduled trial. *See id.*

After reviewing the notice of removal, the undersigned *sua sponte* questioned whether removal is proper. As a result, the undersigned entered an order explaining that Defendant Adams provided no facts supporting either diversity jurisdiction or federal question jurisdiction in this case, *see* Dkt. No. 4 at 3, 4, but granted Defendant Adams, who is proceeding *pro se*, an opportunity to establish that federal jurisdiction is proper by filing: (1) evidence to establish that the value of the right to occupy or possess the property in the underling eviction proceeding exceeds $75,000; and (2) evidence or facts that establish that federal question jurisdiction exists. *See id.* at 4. The undersigned also invited Plaintiff to advise the Court in writing as to whether it objected to removal and whether it would move for remand based on Defendants' allegations of Texas citizenship or on any other procedural or jurisdictional grounds. *See id.* at 5.

Defendants failed to file a response to the undersigned's order. Plaintiff filed its Motion to Remand on May 2, 2013, arguing that remand is appropriate, and include a Motion for Attorney's Fees pursuant to 28 U.S.C. § 1447(c). *See* Dkt. No. 5. Defendants objected to Plaintiff's motion but failed to file any evidence, or even to allege any facts, to establish that federal jurisdiction is proper. *See* Dkt. No. 8. Plaintiff then filed a Reply. *See* Dkt. No. 9.

## Legal Standards and Analysis

Plaintiff seeks to remand this case because (1) Defendant Adams's notice of removal is untimely; (2) Defendant Adams's removal contravened the forum-defendant rule; and (3) Defendant Adams failed to meet his burden to establish that diversity jurisdiction exists. *See* Dkt. No. 5-1 at 6-9. The undersigned concludes that Defendants have failed to meet their burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action and that the case's removal contravenes Section 1441(b)'s forum-defendant rule.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff seeks remand on a number of bases, and the undersigned finds remand to be appropriate on the basis of the forum-defendant rule, as Plaintiff asserts. *See*

Dkt. No. 5-1, ¶ 13. Defendant Adams has represented that he, and all other Defendants, are citizen of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 2 or 24; Dkt. No. 8 at 3. And Defendants were properly joined and served in the state court action. *See* Dkt. No. 5-2, Ex. C; *see also* Dkt. No. 3 at 1. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone.

As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

Defendant Adams's Notice of Removal and Defendants' Response to Plaintiff's Motion to Remand assert that this Court has jurisdiction under the diversity statute. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Defendants allege that the "subject real property has a current fair market value

of $208,000.00." Dkt. No. 8 at 2. Despite the undersigned's prior explanation in this case, *see* Dkt. No. 4 at 2-3, Defendants misunderstand the amount-in-controversy requirement in this context. The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue, not that property's fair market value. And, here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the right exceeds $75,000. Defendants' allegations regarding the property's market value are insufficient for purposes of satisfying the amount in controversy. Accordingly, the undersigned determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

Finally, Defendants, in their Objection to the Motion to Remand, state that "this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action under the laws of the United States." Dkt. No. 8, ¶ 2. Defendants provides no further facts supporting federal question jurisdiction, except to cite to 15 U.S.C. § 1681 and to state that "plaintiff is attempting to violate my constitutional right for a conference" under Fed. R. Civ. P. 26(f). *Id.*, ¶¶ 2, 15. These statements do not establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal

law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Defendant Adams's removal papers and Defendants' response to Plaintiff's Motion to Remand are wholly unclear as to what they claim constitutes the federal question or questions at issue.

But Defendants have not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. And Plaintiff, through the state court papers attached to its motion to remand, has shown that it did not raise any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action. *See* Dkt. No. 5-2, Ex. B; *accord Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action.").

Accordingly, Defendants have failed to satisfy their burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction over the action.

Although Plaintiff also contends that remand is required because removal of the case was untimely, this issue is mooted by the undersigned's determination that Defendant Adams removed the case in contravention of the forum-defendant rule and, additionally, that the Court lacks subject matter jurisdiction over the action. The Court therefore need not decide this issue.

Defendants assert that Plaintiff's motion to remand was untimely, but this is incorrect. *See* Dkt. No. 8 at 1. A motion to remand is timely if it is filed within 30 days of the notice of removal's filing, *see* 28 U.S.C. § 1447(c), and Plaintiff filed its motion on May 2, 2013, 30 days after Defendant Adams filed his notice of removal, *see* Dkt. Nos. 3 & 5.

Finally, because Defendant Adams's removal was wrongful, Plaintiff seeks its attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 5-1, ¶ 19. When removal is determined to be improper, a district court has discretion to award attorneys' fees incurred in obtaining a remand. *See* 28 U.S.C. § 1447(c). The Court should grant Plaintiff's Motion for Attorney's Fees because Defendant Adams lacked an objectively reasonable basis for seeking removal. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Although Defendants are proceeding *pro se*, that does not excuse their actions immediately after removal, which forced Plaintiff to incur attorneys' fees to seek to remand the case. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The statute that permits removal based on diversity of citizenship clearly provides that such an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The undersigned's April 3, 2013 Order [Dkt. No. 4] specifically admonished Defendants that the case was not removable based on diversity of citizenship because an in-state citizen is a defendant. Yet Defendants failed to respond to this Court's order by the April 15, 2013 deadline that the Court set (which would be well in advance of Plaintiff's deadline to move to remand), and Defendants then responded to Plaintiff's Motion to Remand without addressing this defect in removal or concurring in a remand of the case – and instead continued to assert Defendants' Texas citizenship. *See* Dkt. No. 8, at 3. Defendants' response compelled Plaintiff to file a reply in support of remand. *See* Dkt. No. 9.

Plaintiff has submitted uncontested evidence establishing that it is entitled to recover the sum of $2,000.00 as reasonable attorneys' fees. *See* Dkt. No. 5-2, Ex. H (Affidavit of Connie J. Vandergriff). Defendants' only response has been to state that there is no "automatic entitlement to an award of attorney's fees," citing *Valdes v. Wal-Mart Stores, Inc.*, 190 F.3d 290, 292 (5th Cir. 2000). Dkt. No. 8, ¶ 14. Nevertheless, in this case, the undersigned has considered whether Defendants had objectively

reasonable grounds to believe the removal was legally proper and has concluded that they did not. The Court should award Plaintiff $2,000.00 as reasonable attorneys' fees under 28 U.S.C. § 1447(c).

## Recommendation

The undersigned concludes that the removal of the action *Wells Fargo Bank, N.A. v. Will Adams and All Occupants*, Case No. 3:13-cv-1353-O-BN, was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action. Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand [Dkt. No. 5] and remanding the action *Wells Fargo Bank, N.A. v. Will Adams and All Occupants*, Case No. 3:13-cv-1353-O-BN, to the County Court at Law No. 2, Dallas County, Texas, from which it was removed. The undersigned also recommends granting Plaintiff's Motion for Attorney's Fees [Dkt. No. 5] and awarding Plaintiff $2,000.00 as reasonable attorneys' fees under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 10, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE